MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2726
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ZURAB KAKUSHADZE, A# 78-704-408,   :
                                   :
        Plaintiff,                :
                                   :
  -against-                       :       07 Civ. 8338 (DCF)
                                   :
MICHAEL CHERTOFF, Secretary of the :       ECF Case
Department of Homeland Security, and :
ROBERT MUELLER, Director, Federal Bureau :
of Investigation,                  :
                                   :
        Defendants.              :
                                   :
------------------------------------------------------------- x

**DECLARATION OF HEIDI BIJOLLE**

DECLARATION OF HEIDI BIJOLLE

I, Heidi Bijolle declare as follows:

1. I am employed by the United States Citizenship and Immigration Services (hereinafter "USCIS") as Supervisory Center Adjudications Officer (SCAO), at the Vermont Service Center (VSC) in Saint Albans, Vermont. I have been employed as an SCAO since March of 2003 and have been employed in other capacities by the agency for ten years. I am currently the supervisor of the N-400 unit which is responsible for overseeing the intake processing of N-400 Applications for Naturalization from initial receipt of the application by the VSC through the receipt of FBI name check clearances and scheduling the naturalization examination or interview in the USCIS district or field office where the applicant resides. During fiscal year 2006, the N-400 section oversaw the initial receipt by VSC of 220,777 N-400 applications for Naturalization and completion of processing on 263,421 N-400's. Most of the actual work on N-400s is done by contractor personnel.

2. This declaration is submitted in the case of Zurab Kakushadze v. Chertoff on the docket of the United States District Court for the Southern District of New York; 07 Civ. 8338. As Supervisor of the N-400 unit at VSC, I manage the team that monitors and oversees the intake processing of the N-400 application for naturalization involved in this litigation. The information below is based upon review of the files, electronic records, personal knowledge, and other information that has become known to me in the course of my official responsibilities concerning the processing of this application.

3. Zurab Kakushadze is a 34 year old male native and citizen of Georgia. His status was adjusted to that of a Lawful Permanent Resident (LPR) of the United States on December 3, 2001. On September 6, 2006, he filed an N-400 Application for Naturalization with the Vermont Service Center.

Declaration of Heidi Bijolle    1    Case No.: 07 3667

4. Since the terrorist attacks of September 11, 2001, the need to conduct more rigorous and thorough background checks on aliens who are seeking immigration status in the United States has required procedures that sometimes result in individuals not receiving their documents and benefits as quickly as in the past. In order to ensure national security and public safety, as well as to reduce the waiting time for adjudications, USCIS is currently working with DOJ, DHS, and ICE to develop and implement improved procedures that will ensure that all of the background checks are completed and the results considered as quickly as possible. However, the public safety requires USCIS to make certain that the checks have been done before USCIS adjudicates the N-400 application.

5. In accordance with 8 CFR § 335.2(b), in the absence of a "definitive response" from the FBI with regard to the name check request, the plaintiff may not be scheduled for a naturalization interview on the N-400.

6. On September 18, 2006, a request for a background security name check was submitted electronically to the Federal Bureau of Investigation. As of today's date, the name check for the plaintiff remains pending with the FBI. As a result, no naturalization interview on plaintiff's N-400 application has yet been scheduled.

7. The FBI fingerprints on the plaintiff were completed on September 25, 2006. Fingerprints remain valid for a period of 15 months following receipt. Pursuant to law and established agency policy, all required security checks must be completed prior to adjudication of the application.

8. Once USCIS receives an N-400 Application for Naturalization, a file is opened and an electronic record of that application is created. Much of this initial electronic processing and data entry is automated, including the automatic generation and electronic transmission of a FBI name check request in FBIQUERY, the FBI repository and tracking system for FBI Name Check requests. Once the initial file creation and processing of an N-400 application is complete, each file is routinely monitored for the status of the background checks.

9. USCIS runs an electronic report in FBIQUERY system for all files pending name check responses from the FBI to confirm the successful transmission of the FBI Name Check request and to identify those applications that have received responses from the FBI name checks and FD-258 (fingerprints) and are thus ready to schedule for examination by the District offices. FBI name check requests that have been received by the FBI but have not yet been completed are indicated by a notation of "Pending" in FBIQUERY. An FBI Name Check that has been completed will be indicated by various entries depending on the result, including No Record, Positive Record, etc.

10. This report will also identify those N-400 Applications that have received a "No Data" or "Error" response in FBIQUERY indicating a problem with transmission of the name check request from USCIS to the FBI. If such a problem is reported, the FBI name check requests will then be initiated a second time and resent manually or electronically to the FBI for a response. In this way, USCIS ensures that the FBI has in fact received all requests for name checks.

11. FBIQUERY reports do not provide USCIS with any information as to what information the FBI may have relating to a particular alien, whether an FBI investigation into the particular alien has been undertaken, or whether there are national security concerns relating to that alien.

12. For most applicants, USCIS can quickly determine if there are criminal or security-related issues in the applicant's background that affect eligibility for immigration benefits. However, due both to the sheer volume of security checks USCIS conducts, and the fact that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. Moreover, in some cases a background or security check will reveal that positive (derogatory) information on the subject alien is possessed by some agency other than USCIS without necessarily revealing the substance of that information. In such cases, USCIS works closely with the other law enforcement or intelligence agencies to obtain all available information concerning the positive result in

order to properly evaluate its significance. Even where the FBI or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

13. USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS. In order to address in a consistent and fair manner the increasing number of mandamus actions filed nationwide by aliens awaiting decisions on their petitions and applications, USCIS issued specific guidelines for requesting an expedited name check from the FBI. Expedited processing may be pursued in the following situations: Military Deployment; Age-out cases not covered by the Child Status Protection Act and applications affected by sunset provisions such as the Diversity Visa Program; Compelling reasons provided by the requesting office such as critical medical conditions; Loss of Social Security benefits or other subsistence, at the discretion of the Director. U.S. Citizenship and Immigration Services (USCIS) will not routinely request the FBI to expedite a name check when the only reason for the request is that a mandamus action is filed in the case.

Declaration of Heidi Bijolle            4            Case No.: 07 3667

14. Regarding this pending name-check, there are three possibilities: (1) in the very likely event that the FBI name check ultimately clears with a finding of "no record" or "NR," VSC will immediately place the application in the electronic queue to be scheduled for interview in the NYC District Office or the appropriate sub-office on the first available date and transfer the A-file to the place where the interview will be held. (2) In the less likely event that the FBI eventually reports a "positive response" or "PR," significant additional time would likely be required while USCIS learns the precise nature of the positive information and determines whether it would have any bearing on the outcome of the adjudication, and (3) as long as the FBI query continues to return its current response of "pending" or "IP," this case will not be scheduled for interview.

15. While the naturalization application remains pending, plaintiff retains all of the rights and benefits of a permanent resident of the United States, including the right to live and work in this country and to travel freely abroad.

16. Consistent with the above stated procedures, USCIS has initiated and monitored for response (through a routine and periodic review) the plaintiff's background checks to ensure that cases are scheduled for interview at the earliest possible time.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of January, 2008 at Saint Albans, Vermont.

_____
Heidi Bijolle
Supervisory Center Adjudications Officer
Vermont Service Center

Declaration of Heidi Bijolle             5                         Case No.: 07 3667