# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zurab Kakushadze,<br>    A46-132-266<br>            Plaintiff,<br><br>    -against-<br><br>MICHAEL CHERTOFF, SECRETARY OF THE<br>DEPARTMENT OF HOMELAND SECURITY<br><br>    and<br>ROBERT MUELLER, DIRECTOR,<br>FEDERAL BUREAU OF INVESTIGATION<br>            Defendants. | 07 Civ. 8338 (DCF)<br><br>ECF Case |

## MEMORANDUM OF LAW
## IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

JAN H. BROWN
Law Office of Jan H. Brown, PC
1150 Ave. of the Americas, Ste. 700
New York, NY 10036

Attorneys for the Plaintiff

TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Preliminary Statement | 1 |
| History of the Case | 1 |
| Argument | 2 |
| I. The Defendants have not proposed any substantial jurisdictional issues in their Motion to Dismiss, which should therefore be denied. | 2 |
| II. There is no law or mandate, congressional or otherwise, that calls for the completion of a "name check" before a naturalization application can be completed. | 5 |
| III. USCIS has a duty to adjudicate this case, and allowing it to remain un-adjudicated indefinitely is to fail in that duty. | 8 |
| IV. The APA imposes an independent duty on the Defendants to perform their nondiscretionary tasks in a timely fashion, with or without an explicit time frame specified within a specific law. | 10 |
| V. Mandamus is appropriate in the instant case; should the courts cease to grant mandamus in this and similar cases, USCIS and/or the FBI can keep a file open indefinitely, thus failing to perform their nondiscretionary duty without check. | 14 |
| VI. The courts have held that USCIS and the FBI have a non-discretionary duty to process an N-400 case in a timely manner. | 15 |
| VII. Mandamus has been granted in similar cases, establishing a precedent wherein the district court compels USCIS and the FBI to complete work within a reasonable amount of time – usually days. | 17 |
| VIII. The FBI has failed to perform its non-discretionary duty to process this background check in a timely fashion. | 18 |
| IX. The Defendants' argument that name check cases are handled on a "first-in, first-served" basis is false. | 21 |
| X. The Plaintiff wants his application processed in a timely manner for significant humanitarian reasons. | 22 |
| Conclusion | 24 |